**Musa HAMADEH, Petitioner,**

v.

**IMMIGRATION AND NATURALIZA-TION SERVICE, Respondent.**

**No. 14728.**

United States Court of Appeals
Seventh Circuit.

March 24, 1965.

Rehearing Denied April 23, 1965.

William Greenhouse, Chicago, Ill., for petitioner.

Edward V. Hanrahan, U. S. Atty., Arthur D. Rissman, Asst. U. S. Atty., Chicago, Ill., for respondent, John Peter Lulinski, John Powers Crowley, Asst. U. S. Attys., of counsel.

Before HASTINGS, Chief Judge, and SCHNACKENBERG and SWYGERT, Circuit Judges.

HASTINGS, Chief Judge.

This case is before us on the petition of Musa Hamadeh (petitioner) for review of an order of the Immigration and Naturalization Service (respondent) under Public Law 87–301, Title 8 U.S.C.A. § 1105a.

The order sought to be reviewed was entered by a Special Inquiry Officer on September 27, 1963 in which petitioner was ordered deported from the United States to Jordan and was denied voluntary departure.

From the certified record filed by respondent the following facts appear to be undisputed.

Petitioner is a 31-year-old married male. He is an alien, a native and citizen of Jordan. He first entered the United States as a student in 1955 and enrolled in Roosevelt University, Chicago, Illinois. He married Geraldine Armstead, a United States citizen, in Chicago on June 20, 1957. Subsequently, he went to Canada. On November 8, 1957, he reentered the United States at Detroit, Michigan as a nonquota immigrant upon presentation of an immigrant visa, issued to him on the basis of his marriage on June 20, 1957. His wife filed the petition for such visa on his behalf.

On June 28, 1958, petitioner's wife secured an uncontested divorce from him in Illinois.

Petitioner returned to Jordan, leaving the United States on June 3, 1962. He married a citizen of Jordan in Jordan on July 21, 1962. His second wife remained in Jordan. He returned to the United States about August 30, 1962.

On November 7, 1962, petitioner filed an application for citizenship, which is now pending.

On November 29, 1962, respondent served petitioner with an order to show cause why he should not be deported pursuant to Section 241(a) (2) of the Immigration and Nationality Act, 8 U.S.C.A. § 1251(a) (2) and Section 241(c) of the Act, 8 U.S.C.A. § 1251(c); for violation of Section 212(a) (19) of the Act, 8 U.S.C.A. § 1182(a) (19).

The show cause order alleged, *inter alia*, that petitioner was an alien; that the marriage on which petitioner was admitted as a nonquota immigrant was entered into less than two years prior to his entry; and that the marriage was judicially terminated within two years sub-

sequent to his entry into the United States.

Section 241(c) of the Act provides in part as follows:

"(c) An alien shall be deported as having procured a visa or other documentation by fraud within the meaning of paragraph (19) of section 1182(a) of this title, and to be in the United States in violation of this chapter within the meaning of subsection (a) (2) of this section, if (1) hereafter he or she obtains any entry into the United States with an immigrant visa or other documentation procured on the basis of a marriage entered into less than two years prior to such entry of the alien and which, within two years subsequent to any entry of the alien into the United States, shall be judicially annulled or terminated, unless such alien shall establish to the satisfaction of the Attorney General that such marriage was not contracted for the purpose of evading any provisions of the immigration laws;
* * *."

■ The uncontroverted facts and admissions found in the hearings before the Special Inquiry Officer established a *prima facie* case of deportability under Section 241(c) of the Act, supra. A heavy burden was thereupon cast upon petitioner to establish to the satisfaction of the Attorney General that such marriage was not contracted for the purpose of evading any provisions of the immigration laws. Todaro v. Pederson, N.D. Ohio, 205 F.Supp. 612, 614 (1961), aff'd. 6 Cir., 305 F.2d 377 (1962), cert. den. 371 U.S. 891, 83 S.Ct. 190, 9 L.Ed.2d 124.

There was a full hearing before the Special Inquiry Officer. Only petitioner testified in his behalf. Respondent produced petitioner's former wife, her lady friend who testified at her divorce trial, three witnesses who testified concerning the first acquaintance and subsequent marriage of petitioner and his former wife, an investigator for respondent and documentary evidence. The Inquiry Officer found adversely to petitioner, ordered him deported to Jordan and denied voluntary deportation.

Petitioner appealed this decision to the Board of Immigration Appeals. On the basis of an extended memorandum opinion, the Board upheld the decision and dismissed the appeal.

■ We have read the entire transcript of the record in this proceeding below. We agree with respondent that petitioner failed to discharge his burden of proving that his marriage was not contracted for the purpose of evading the immigration laws.

Petitioner admits that he never lived or cohabited with his former wife after their marriage. He saw her only three or four times on the street during the period of their married life. He knew of her divorce proceeding and voluntarily paid her attorney's fees and expenses therein. There was some evidence that this arrangement was agreed to before the marriage. There was substantial testimony to support the conclusion that he entered into a marriage of convenience so that he could remain in the United States. We are convinced that his marriage was contracted for the purpose of evading the immigration laws.

■ Petitioner further contends that he was not given a fair and impartial hearing by the Special Inquiry Officer and that the decision of deportability was not based on reasonable, substantial and probative evidence. Our examination of the record leads us to the contrary view and we so hold.

■ Petitioner finally charges what appears to be a claim of laches or equitable estoppel because respondent waited more than four years to commence the deportation proceeding. He points to his pending citizenship application and his subsequent marriage in Jordan. This contention is without merit.

We held in United States ex rel. Circella v. Sahli, 7 Cir., 216 F.2d 33, 39–40 (1954), cert. den. 348 U.S. 964, 75 S.Ct.

525, 99 L.Ed. 752, that in the absence of a statutory limitation on the time within which such a deportation proceeding must be brought, the mere failure of the Immigration Service to act at an earlier date could not be held to estop it from acting.

For the foregoing reasons, the decision and order of the Special Inquiry Officer are affirmed and the petition for review is denied.

Order affirmed. Petition denied.