**Othniel Edgar SMALL, Petitioner,**

v.

**IMMIGRATION AND NATURALIZA-
TION SERVICE, Respondent.**

**No. 442, Docket 35369.**

United States Court of Appeals,
Second Circuit.

Argued Feb. 10, 1971.

Decided March 1, 1971.

Certiorari Denied May 3, 1971.
See 91 S.Ct. 1634.

Stanley H. Wallenstein, Special Asst. U. S. Atty. (Whitney North Seymour, Jr., U. S. Atty., for the Southern District of New York, and Joseph P. Marro, Special Asst. U. S. Atty., of counsel), for respondent.

Before WATERMAN and FRIENDLY, Circuit Judges, and McLEAN, District Judge.*

PER CURIAM:

Petitioner Small asks us to review an order of the Board of Immigration Appeals which dismissed his appeal from the decision of a Special Inquiry Officer ordering his deportation under § 241(c) of the Immigration and Nationality Act of 1952 as having entered the United States with an immigrant visa procured by fraud in violation of § 212(a) (19).

Small is an alien, a native and citizen of Barbados. On September 25, 1965, in New York City, he married Thelma Bertie, a United States citizen whom he had first met in Barbados where she was vacationing. On February 20, 1966, Small entered the United States for permanent residence, presenting an immigrant visa issued to him on the basis of his marriage to Miss Bertie, see 8 U.S.C. § 1151(b). An annulment decree terminated the marriage on February 14, 1968, just six days short of the second anniversary of Small's entry pursuant to the visa. This unwelcome Valentine set the stage for a deportation proceeding.

The order to show cause, served upon Small on September 16, 1968, alleged that he was subject to deportation under Sections 241(a) (2) and 241(c) of the Immigration and Nationality Act, [8 U.S.C. §§ 1251(a) (2) & 1251(c)] in that you are in the United States in violation thereof because you are an alien who entered in violation of section 212(a) (19) [8 U.S.C. § 1182(a) (19)] with an immigrant visa or other documentation which was procured by fraud, it appearing to the satisfaction of the Attorney General that you have failed or refused to fulfil your

Edward L. Dubroff, Brooklyn, N. Y. (Haskell R. Barst, New York City, of counsel), for petitioner.

* Of the District Court for the Southern District of New York, sitting by designation.

marital agreement which in the opinion of the Attorney General was made for the purpose of procuring your entry as an immigrant.

These allegations made it clear that the case for deportability was proposed to be bottomed upon § 241(c) (2) of the Act which in effect provides for deportation when

it appears to the satisfaction of the Attorney General that [the alien] has failed or refused to fulfill his * * * marital agreement which in the opinion of the Attorney General was * * * made for the purpose of procuring his * * * entry as an immigrant.

At intervals from February through May 1969, the deportation hearing before Special Inquiry Officer Edward P. Emanuel proceeded on the basis of the § 241(c) (2) charge. The hearing was concluded on May 15, and the officer reserved decision. Three months later, on August 11, 1969, the Government lodged an additional charge of deportability against Small, this time relying upon § 241(c) (1) which in effect provides for deportation of an alien who obtained

any entry into the United States with an immigrant visa * * * procured on the basis of a marriage entered into less than two years prior to such entry * * * and which, within two years subsequent to any entry of the alien into the United States, shall be judicially annulled or terminated, unless such alien shall establish to the satisfaction of the Attorney General that such marriage was not contracted for the purpose of evading any provision of the immigration laws * * *.

Four days later Small's attorney and the attorney for the Immigration and Naturalization Service signed a stipulation in which it was agreed that Officer Emanuel—who had yet to render his decision —might receive the new § 241(c) (1) charge in evidence without reopening the hearing. Small's attorney specifically waived any continuance or further hearing because of the new charge and consented to entry of decision on the basis of the record of the hearing through May 15, 1969, and the additional charge lodged on August 11. On August 29, 1969, the Special Inquiry Officer rendered his decision, finding Small deportable "on the lodged charge only" for failing to meet § 241(c)'s requirement "that he establish he had not married to evade the provisions of the immigration laws." Small's appeal to the Board of Immigration Appeals was dismissed, and he now seeks judicial review.

■■ Small first claims that he sustained his burden of establishing that his "marriage was not contracted for the purpose of evading any provisions of the immigration laws." Under § 241(c) (1) once the Government establishes (1) alienage, (2) marriage less than two years prior to entry, and (3) judicial annulment or termination of the marriage within two years subsequent to entry, a presumption of contracting marriage for purposes of immigration law evasion arises, and the burden of refuting that presumption shifts to the alien, see Hamadeh v. I. N. S., 343 F.2d 530 (7 Cir.), cert. denied, 382 U.S. 838, 86 S.Ct. 85, 15 L.Ed.2d 80 (1965). The record of the hearing does not support Small's claim that he sustained that burden. The only evidence offered by him was his own testimony. Against this, there was testimony of Miss Bertie to the effect that Small's recollection exaggerated their romantic involvement and that he refused to support her, insisting that his first allegiance was to his children in Barbados (of whose existence she was allegedly unaware prior to the marriage). In addition, two of Miss Bertie's friends related an admission by Small that he had married her in order to obtain United States citizenship and bring in his four children. While Small's attorney sought to discredit this on cross-examination, Small did not take the stand in rebuttal. Under these circumstances, the Special Inquiry Officer was warranted in holding that Small had not sustained his burden of rebutting the presumption that his marital objective was immigration law evasion.

We do not follow Small's assertion that once the Government went forward with evidence negating his own testimony as to marital purpose, it reassumed the burden of establishing the facts on that subject "by clear, unequivocal and convincing evidence." Woodby, v. I. N. S., 385 U.S. 276, 286, 87 S.Ct. 483, 488, 17 L.Ed.2d 362 (1966). It is true that this overall burden rested with the Government. However, Small does not contend that the Government failed to establish unequivocally the facts giving rise to the presumption of § 241(c) (1). Under the explicit terms of the statute, those are the only facts the Government needed to establish in the first instance; the burden then shifted to the alien to refute the presumption to which they give rise. The fact that the Government's proof might not have met the required standard under § 241(c) (2) does not mean that it was inadequate to repel Small's efforts to rebut the presumption of § 241(c) (1).

Small's second point is that the Special Inquiry Officer found him deportable only on the charge lodged against him after the hearing was closed and without reopening the proceeding to receive any further evidence. If this had been done without Small's consent, the proceeding might be seriously flawed; indeed, the regulation only permits the lodging of additional charges during the hearing, 8 C.F.R. § 242.16. However, in the Stipulation of August 15, Small's attorney expressly agreed to this procedure and waived the right to present further evidence. No doubt this decision was prompted by realization that nothing was to be gained by seeking a reopening. Small could not hope to contest the simple facts of his marriage and its annulment that gave rise to the presumption and he had already expressed whatever might reflect well upon his intentions in contracting the marriage. In any event, it is not our task to second-guess petitioner's counsel.

The petition to review the order of the Board of Immigration Appeals is denied.