[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 20, 2005
THOMAS K. KAHN
CLERK

No. 04-12612
Non-Argument Calendar
_____

BIA No. A78-410-514

MARGARITA MARIA RAMIREZ-CARDONA,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of an Order of
the Board of Immigration Appeals
_____

(April 20, 2005)

Before ANDERSON, BIRCH and MARCUS, Circuit Judges.

PER CURIAM:

Margarita Maria Ramirez-Cardona, a native and citizen of Colombia,

petitions for review of the final order of the Board of Immigration Appeals

("BIA"), which affirmed without opinion the immigration judge's ("IJ's") denial of asylum and withholding of removal under the Immigration and Nationality Act ("INA") and the United Nations Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment ("CAT").[1]  On appeal, Ramirez-Cardona  argues, inter alia, that the IJ erred by denying her petition for asylum, under the INA, after finding that she did not demonstrate past persecution or a well-founded fear of future persecution by the Revolutionary Armed Forces of Colombia ("FARC") based on her father's political opinion and membership in a social group, namely, a Community Action Board.[2]   Upon thorough review of the record, as well as careful consideration of the parties' briefs, we find no reversible error and affirm.

When the BIA issues an affirmance without opinion, the IJ's decision becomes the final order subject to review. See Mendoza v. Att'y Gen., 327 F.3d 1283, 1284 n.1 (11th Cir. 2003).  As the fact-finder, it is the IJ's duty to determine

---

[1]  Ramirez-Cardona's removal proceedings commenced after April 1, 1997, the effective date of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), Pub. L.  No. 104-208, 110 Stat. 3009 (1996).  Accordingly, this case is governed by the permanent provisions of the Immigration and Nationality Act ("INA"), as amended by IIRIRA. Gonzalez-Oropeza v. U.S. Att'y Gen., 321 F.3d 1331, 1332 (11th Cir. 2003); Balogun v. U.S. Att'y Gen., 304 F.3d 1303, 1309 (11th Cir. 2002).

[2]  Because we find that Ramirez-Cardona has not established a case for asylum, we do not address her arguments that she also satisfied the higher standards for withholding of removal or CAT relief.  See Najjar v. Ashcroft, 257 F.3d 1262, 1292-93 (11th Cir. 2001).

2

credibility, and we will not substitute our judgment for that of the IJ with respect to credibility findings. See Vasquez-Mondragon v. INS, 560 F.2d 1225, 1226 (5th Cir. 1977) (citation omitted). The IJ's factual determination that an alien is not entitled to asylum must be upheld if it is supported by substantial evidence. See Mazariegos v. Att'y Gen., 241 F.3d 1320, 1323 (11th Cir. 2001). Under this highly deferential standard of review, a denial of asylum may be reversed only if the evidence would compel a reasonable factfinder to find that the requisite fear of persecution exists. See INS v. Elias-Zacarias, 502 U.S. 478, 481 n.1, 112 S. Ct. 812, 815 n.1, 117 L. Ed. 2d 38 (1992); see also 8 U.S.C. § 1252(b)(4)(B) ("administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary").

An alien who arrives in or is present in the United States may apply for asylum. See INA § 208(a)(1), 8 U.S.C. § 1158(a)(1). The Attorney General has discretion to grant asylum if the alien meets the INA's definition of a "refugee." See INA § 208(b)(1), 8 U.S.C. § 1158(b)(1). A "refugee" is any person who is unwilling to return to his home country or to avail himself of that country's protection "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion . . . ." 8 U.S.C. § 1101(a)(42)(A).

The asylum applicant carries the burden of proving statutory "refugee" status. See Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001); 8 C.F.R. § 208.13(a). The applicant satisfies this burden by showing, with specific and credible evidence: (1) past persecution on account of a statutorily listed factor, or (2) a "well-founded fear" that his or her statutorily listed factor will cause future persecution. 8 C.F.R. § 208.13(a), (b); Najjar, 257 F.3d at 1287. A "well-founded fear" of persecution may be established based on (1) past persecution that creates a presumption of a "well-founded fear" and by overcoming any rebuttal by the INS; (2) a reasonable possibility of personal persecution that cannot be avoided by relocating within the subject country; or (3) a pattern or practice in the subject country of persecuting members of a statutorily defined group of which the alien is a part. See 8 C.F.R § 208.13(b)(1), (2).

On appeal, Ramirez-Cardona argues that the IJ abused his discretion by denying her asylum application because the evidence demonstrated that she had suffered past persecution and had a well-founded fear of future persecution on account of her father's political opinion and opposition to the FARC. More specifically, Ramirez-Cardona asserts that she satisfied her burden to establish statutory eligibility for asylum based on her own testimony, which she states must be accepted as credible because the IJ did not make an adverse credibility finding.

4

Based on this proposition, Ramirez-Cardona further argues that, although the IJ noted her failure to provide medical or police reports to corroborate her claims, the law does not require corroborating evidence when a petitioner's testimony is found to be credible, which Ramirez-Cardona maintains we must find (based on the lack of an express adverse credibility finding in the IJ's order).

Substantial evidence supports the IJ's finding that Ramirez-Cardona failed to demonstrate asylum eligibility because she did not establish that she suffered past persecution or had a well-founded fear of future persecution on account of a statutorily listed factor. Although Ramirez-Cardona contended that the FARC targeted her family on account of her father's membership in a community action group and a conservative political group, and the IJ found her testimony to be credible, she provided no evidence demonstrating that her father expressed his political opinion to the FARC or that the FARC was even aware of his political opinion.

Although there is some evidence that Ramirez-Cardona's family was targeted after her father refused to cooperate with FARC guerillas when they requested to store weapons at the father's house and asked for food and clothing, such evidence, standing alone, is insufficient to satisfy Ramirez-Cardona's burden. See Sanchez v. Att'y Gen., 392 F.3d 434, 438 (11th Cir. 2004) (finding that

petitioner's claim, based on harassment by FARC guerillas and petitioner's failure to cooperate with the guerrillas or to join their forces, did not establish persecution for purposes of withholding of removal under INA); see also  Perlera-Escobar v. Executive Office for Immigration, 894 F.2d 1292, 1296 n.4 (11th Cir.1990) (noting that this Circuit "has not adopted the . . . belief that political neutrality is a political opinion" for purposes of the INA).  Ramirez-Cardona has failed to establish that the record compels a finding that the FARC persecuted her, or that she had a well-founded fear of future persecution by the FARC, because of her father's political opinion, rather than solely on account of his refusal to cooperate. Accordingly, we deny the petition for review.

**PETITION DENIED.**