Severiano VASQUEZ–MONDRAGON,
Petitioner,

v.

IMMIGRATION & NATURALIZATION
SERVICE, Respondent.

No. 77–1526
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Oct. 14, 1977.

Eugenio Cazorla, Dallas, Tex., for petitioner.

Griffin B. Bell, U. S. Atty. Gen., Philip Wilens, Chief, Dept. of Justice, Washington, D. C., Kenneth J. Mighell, U. S. Atty., Fort Worth, Tex., James P. Morris, Atty., Dept. of Justice, Gov't. Reg. & Labor Sect., Rex Young, Atty., Crim. Div., Washington, D. C., for respondent.

Before BROWN, Chief Judge, CLARK and HILL, Circuit Judges.

PER CURIAM:

Severiano Vasquez-Mondragon petitions for review of a deportation order of the Board of Immigration Appeals for marriage fraud, 8 U.S.C.A. § 1251(a)(2), (c) (1970) and misrepresentation of a material fact in ap-

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v.  Citizens Casualty Co. of New York et al.*, 5 Cir. 1970, 431 F.2d 409, Part I.

plying for a visa, 8 U.S.C.A. § 1182(a)(19) and § 1251(a)(1) (1970). We affirm.

Petitioner is a 37-year-old male citizen of Mexico who unlawfully entered the United States in late 1967 or early 1968. In May 1968, he was apprehended by immigration authorities, but he was allowed until June 11, 1968, to leave the country voluntarily in lieu of deportation. The day before his required departure, Vasquez married a United States citizen, Anita Zarate. The couple, however, never lived together after June 11. Vasquez was still in Mexico when his wife filed for divorce on March 13, 1969. A month later, petitioner obtained an immigrant visa to the United States on the basis of his marriage without disclosing that a divorce action was pending. After Vasquez was admitted to the United States on May 3, 1969, his marriage was "annulled and dissolved" by court order in Dallas County, Texas, on June 19, 1969. Deportation proceedings were brought against Vasquez in 1971, and the following year, the Immigration Judge ordered petitioner deported to Mexico because his marriage was a fraud and because he did not disclose that a divorce was pending when he applied for a visa. The order was affirmed by the Board of Immigration Appeals, but in July 1973, this Court granted petitioner's motion to adduce additional evidence. On stipulation of the parties a new hearing was held in June 1974, which again resulted in an order, affirmed by the Board of Immigration Appeals, that Vasquez be deported.

■ On appeal to this Court, petitioner argues that the government failed to prove the existence of a fraudulent marriage. Under 8 U.S.C.A. § 1251(c)(1) (1970), a prima facie case of deportability is established if an alien secures entry into the United States on the basis of a marriage which is terminated within two years of the time of entry. The immigration authorities met these requirements by "clear, unequivocal

and convincing evidence." *Woodby v. INS*, 385 U.S. 276, 277, 87 S.Ct. 483, 17 L.Ed.2d 362. Vasquez then had a "heavy burden" to establish that his marriage was not for the purpose of evading immigration laws. *Soares v. INS*, 5 Cir., 1971, 449 F.2d 621, 622. Petitioner contends that through his own and other witnesses' testimony he proved he had a bona fide marriage and that the testimony he offered should not have been discredited by the Immigration Judge. As trier of fact, however, it is the duty of the Immigration Judge to determine the credibility of witnesses. "[W]e are not permitted to substitute our judgment for that of the Board or the [Judge] with respect to the credibility of this testimony or the ultimate findings of fact based thereon." *Yaldo v. INS*, 6 Cir., 1970, 424 F.2d 501, 503. *Accord, Kokkinis v. District Director*, 2 Cir., 1970, 429 F.2d 938, 942; *Ojeda v. INS*, 9 Cir., 1969, 419 F.2d 183, 186–87; *Volianitis v. INS*, 9 Cir., 1965, 352 F.2d 766, 768; *Lattig v. Pilliod*, 7 Cir., 1961, 289 F.2d 478, 480. We affirm, therefore, the Immigration Judge's finding that Vasquez failed to overcome the government's prima facie case of marriage fraud.[1]  *Cf. Soares v. INS, supra*; *Hamadeh v. INS*, 7 Cir., 1965, 343 F.2d 530.

■ Petitioner also contends that he did not willfully misrepresent a material fact on his visa application by not disclosing his pending divorce because he applied for a visa with the expectation of achieving reconciliation. *See In Re Gonzalez-Portillo*, 13 I. & N. Dec. 309 (BIA 1969). Without determining if intent of reconciliation is a legitimate excuse, it is enough to say that the findings of fact by the Immigration Judge indicate that misrepresentation, rather than reconciliation, was petitioner's reason for not revealing that a divorce action had been filed. This Court again is not prepared to reverse findings based on the

---

1. The new evidence that was introduced at the second hearing consisted of three wedding photographs and five letters written by Anita Zarate to the petitioner expressing her affection. The Immigration Judge held that this evidence was cumulative because it only went to show

that Anita Zarate entered into the marriage in good faith which was already indicated from the evidence at the first hearing. No new evidence was introduced to prove the good faith of Vasquez.

credibility of witnesses. In an almost identical situation, moreover, the Sixth Circuit held it was misrepresentation for an alien not to disclose in a visa application that his American wife had filed for an annulment. *Kassab v. INS*, 6 Cir., 1961, 364 F.2d 806. Accordingly, we affirm that Vasquez failed to disclose a material fact.

AFFIRMED.