51 F.3d 273
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Eusebio SANROMAN-HERNANDEZ, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 94-3393.
 United States Court of Appeals, Sixth Circuit.
 March 24, 1995.
 
 1
 Before: KENNEDY and DAUGHTREY, Circuit Judges, and CLELAND, District Judge.*
 
 ORDER
 
 2
 Eusebio Sanroman-Hernandez seeks judicial review of an order issued by the Board of Immigration Appeals, which found that he was deportable. The parties have waived oral argument, and the panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 3
 Sanroman-Hernandez is a native and citizen of Mexico. In 1991, the INS charged him with deportability on several grounds arising in part from an allegation that he had obtained his visa by misrepresenting the validity of his marriage to a United States citizen. On June 21, 1993, an immigration judge ("IJ") rendered a decision ordering Sanroman-Hernandez's deportation. The Board of Immigration Appeals ("BIA") dismissed his administrative appeal on March 9, 1994. Sanroman-Hernandez now seeks judicial review of the Board's order.
 
 
 4
 The INS had the initial burden of showing that Sanroman-Hernandez was deportable by clear, convincing and unequivocal evidence. See Woodby v. INS, 385 U.S. 276, 286 (1966). This court, however, examines the record as a whole to determine whether the BIA's decision was supported by reasonable, probative and substantial evidence. See id. at 281-82. A review of the record shows that there was ample evidence to support Sanroman-Hernandez's deportation on the charges that were raised by the INS.
 
 
 5
 The INS first charged that Sanroman-Hernandez was deportable because he did not appear at an interview or file a joint petition to have his conditional status removed. See 8 U.S.C. Sec. 1251(a)(1)(D). The IJ found that the INS had not abused its discretion by denying Sanroman-Hernandez's application to waive these requirements and that there was sufficient proof to support the charge. Sanroman-Hernandez did not contest this finding in his administrative appeal. Moreover, he has abandoned any arguments that he might have regarding the charge by failing to raise them in the petition that is currently before this court. See Boyd v. Ford Motor Co., 948 F.2d 283, 284 (6th Cir.1991), cert. denied, 112 S.Ct. 1481 (1992).
 
 
 6
 The INS also alleged that Sanroman-Hernandez was deportable because his marriage was entered into for the fraudulent purpose of obtaining entry to the United States. See 8 U.S.C. Sec. 1251(a)(1)(G). The IJ found that this charge was supported by the record, and that finding was affirmed by the BIA.
 
 
 7
 Sanroman-Hernandez now summarily argues that the government failed to show that his marriage was fraudulent. However, it is undisputed that the marriage lasted less than two years. Therefore, Sanroman-Hernandez bore the burden of showing that his "marriage was not contracted for the purpose of evading any provisions of the immigration laws." 8 U.S.C. Sec. 1251(a)(1)(G)(i). Sanroman-Hernandez did not present any documentary evidence to refute this charge. Furthermore, his testimony indicated that he was divorced, that he and his ex-wife had separated several times during their marriage, that they had not lived together for several months prior to his visa application and that he had not spoken to her during that time. Under these circumstances, Sanroman-Hernandez did not meet his burden of showing that his marriage was valid for purposes of the immigration laws. See Dallo v. INS, 765 F.2d 581, 586 (6th Cir.1985); Vasquez-Mondragon v. INS, 560 F.2d 1225, 1226 (5th Cir.1977).
 
 
 8
 Finally, the INS charged that Sanroman-Hernandez had made material misrepresentations when he applied for his visa in 1989. See 8 U.S.C. Sec. 1182(a)(6)(C)(i). The IJ found that he had lied to the INS official who issued his visa by representing that he intended to join his wife and live with her at a certain address in Detroit. This finding is amply supported by Sanroman-Hernandez's testimony at the administrative hearing.
 
 
 9
 Sanroman-Hernandez now argues that his misrepresentations were not willful because he did not intend to deceive the INS regarding his marital status. However, he intentionally made false statements regarding his residence and living situation, and a specific intent to deceive the INS regarding his marriage is not required to show that these misrepresentations were willful. See Hernandez-Robledo v. INS, 777 F.2d 536, 539 (9th Cir.1985); Espinoza-Espinoza v. INS, 554 F.2d 921, 925 (9th Cir.1977). Sanroman-Hernandez also argues that he hoped for reconciliation with his wife; however, this does not excuse the explicit misrepresentations that he admittedly made regarding his residence and living situation. See Vasquez-Mondragon, 560 F.2d at 1226; Kassab v. INS, 364 F.2d 806, 807 (6th Cir.1966).
 
 
 10
 Sanroman-Hernandez argues that his misrepresentations were not material because he was still married when he was interviewed. However, Sanroman-Hernandez's resident status was conditioned on the validity of his marriage. By telling the INS official that he was going to live with his wife, when he was not, Sanroman-Hernandez was able to avoid further inquiry that may have revealed the fact that he was separated from his wife and that she had already filed for divorce. Thus, the misrepresentations that he made were material because they obscured other information that may have affected the decision to issue him a visa. See Kalejs v. INS, 10 F.3d 441, 446 (7th Cir.1993); Kassab, 364 F.2d at 807.
 
 
 11
 Accordingly, the Board's deportation order is affirmed.
 
 
 
 *
 The Honorable Robert H. Cleland, United States District Judge for the Eastern District of Michigan, sitting by designation