69 F.3d 543
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Myung Sook CHOE, Petitioner,
v.
IMMIGRATION & NATURALIZATION SERVICE, Respondent.
 No. 93-70590.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 9, 1995.*
Decided Oct. 31, 1995.
 
 Before: BROWNING, D.W. NELSON and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Myung Sook Choe petitions for review of a decision of the Board of Immigration Appeals finding her deportable under 8 U.S.C. Sec. 1251(a)(1) for having entered the country without a valid unexpired immigrant visa.
 
 
 3
 The Board concluded that Choe's marriage had not been bona fide and that no injustice would result from relating the annulment back to the date of the marriage so as to find that Choe had been excludable at the time of entry. In so concluding, the Board assumed it had discretion to give the annulment retroactive effect. The Service did not raise, and the Board did not consider, whether Choe was deportable under former 8 U.S.C. Sec. 1251(c), pertaining to marriage fraud. At the time the Service charged Choe under section 1251(a)(1), section 1251(c) specifically proscribed the deportation consequences of sham marriages. We asked for supplemental briefing on the question whether section 1251(c) provided the exclusive avenue for deporting an alien on the basis of an annulment or the failure to fulfill a marriage agreement. Because we conclude that any charging error was harmless, we do not decide the question. See Pena-Urrutia, 640 F.2d 242 (9th Cir.1981) (holding alien deportable under provision relating to fraud where record established such fraud, even though deportability had been charged under an unrelated and possibly inapplicable provision).[1]
 
 
 4
 Even if the Service had charged Choe under the proper statute, she could not have rebutted the statutory presumption that a marriage entered into within two years prior to entry and annulled within two years after entry is fraudulent. See Vasquez-Mondragon v. INS, 560 F.2d 1225, 1226 (5th Cir.1977) (alien has the " 'heavy burden' to establish that [her] marriage was not for the purpose of evading immigration laws."). The Board found the marriage was not bona fide. See Bark v. INS, 511 F.2d 1200, 1201-02 (9th Cir.1975) (equating a marriage lacking bona fides with a "sham" marriage). This conclusion was supported by the record, which revealed, among other things, that Choe's marriage had been arranged, she met her husband only two weeks prior to the marriage, the marriage was never "consummated" by sexual relations, Choe and her husband never lived together, and Choe made only minimal efforts to contact her husband during the four years she had been in the United States. The Board's conclusion that the marriage was not bona fide effectively determined that Choe married for the purpose of evading immigration laws.
 
 
 5
 The petition for review is DENIED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We note however that given the existence of former section 1251(c), the Board's assumption that it had discretion to find Choe deportable on the basis of allegations of marriage fraud is highly questionable. Section 1251(c) evinces a Congressional intent that the deportation consequences of annulment be determined by the statute governing marriage fraud. See Castaneda-Gonzalez v. INS, 564 F.2d 417, 425 (D.C.Cir.1977) (court refused to construe 8 U.S.C. Sec. 1182(a)(14) so as to allow the Service to circumvent congressionally-imposed burden of proof specifically provided by section 1182(a)(19))