[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 29, 2005
THOMAS K. KAHN
CLERK

No. 04-11866
Non-Argument Calendar

_____

BIA Nos. A79-349-439 & A79-349-440

SAEED M. ABUBAKER AL HRIRI,
ESHRAK M. MANSOUR

Petitioners

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of an Order of
the Board of Immigration Appeals

_____

(April 29, 2005)

Before BIRCH, DUBINA and BARKETT, Circuit Judges.

PER CURIAM:

Saeed M. Abubaker Al Hriri ("Al Hriri") and his wife, Eshrak M. Mansour (collectively "the petitioners"), petition for review of the Board of Immigration Appeal's ("BIA") final order affirming the Immigration Judge's ("IJ") decision denying them asylum. Because the petitioners' removal proceedings were commenced after April 1, 1997, the permanent rules of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Pub. L. No. 104-208, 110 Stat. 3009 (1996), govern their petition for review.

On appeal, Al Hriri first argues that the IJ erred by failing to follow the three-part test outlined by the BIA in *Matter of A-S-*, 21 I&N Dec. 1106 (BIA 1998), for making a credibility determination. Al Hriri contends that the IJ (1) failed to specifically state that he found Al Hriri's testimony to be incredible, (2) improperly used his "military training" in making several key factual findings, and (3) failed to give Al Hriri the opportunity to explain the inconsistencies and discrepancies that he observed. Al Hriri further asserts that the IJ improperly relied on the asylum officer's notes in his decision when the use of these notes is prohibited under BIA caselaw since they were (1) not a handwritten account of the questions asked along with Al Hriri's responses or (2) a transcript of an electronic recording. Al Hriri next argues that the IJ erred by concluding that he was not entitled to asylum because he has a well-founded fear of future persecution based

2

upon his political opinion and membership in a social group. He contends that, as an officer in the former South Yemen army whose primary role was to train military police in Aden, he has valuable information in the event of a "future fight for separation."

We review the IJ's decision in this case, not the BIA's, because the BIA affirmed the IJ's decision without an opinion, thereby making the IJ's decision the final agency determination. *See Mendoza v. U.S. Att'y Gen.*, 327 F.3d 1283, 1284 n.1 (11th Cir. 2003). The IJ's factual determination that an alien is not entitled to asylum "must be upheld if it is supported by substantial evidence." *Mazariegos v. U.S. Att'y Gen.*, 241 F.3d 1320, 1323 (11th Cir. 2001) (citations omitted). Under this highly deferential standard of review, a denial of asylum may be reversed only if the evidence would compel a reasonable factfinder to find that the requisite fear of persecution exists. *INS v. Elias-Zacarias*, 502 U.S. 478, 481 n.1, 112 S.Ct. 812, 815 n.1, 117 L.Ed.2d 38 (1992).

It is the duty of the fact finder to determine credibility, and we may not substitute judgment for that of the IJ with respect to credibility findings. *Vasquez-Mondragon v. INS*, 560 F.2d 1225, 1226 (5th Cir. 1977)[1] (citations

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), we adopted as binding precedent the decisions of the former Fifth Circuit handed down prior to October 1, 1981.

omitted). The asylum applicant carries the burden of proving statutory "refugee" status and thereby establishing asylum eligibility. *Al Najjar v. Ashcroft*, 257 F.3d 1262, 1284 (11th Cir. 2001). Uncorroborated but credible testimony may be sufficient to sustain the burden of proof for demonstrating eligibility for asylum. 8 C.F.R. § 208.13(a). The weaker an applicant's testimony, however, the greater the need for corroborative evidence. *Matter of Y-B-*, 21 I&N Dec. 1136, 1139 (BIA 1998). Moreover, an IJ's adverse credibility finding must go to the heart of the applicant's claims and cannot be based upon minor inconsistencies, discrepancies, or omissions. *Gao v. Ashcroft*, 299 F.3d 266, 272 (3rd Cir. 2002). However, even a single inconsistency that goes to the heart of an applicant's asylum claim, such as the basis of his fear, may be sufficient to support an adverse credibility finding. *See Chebchoub v. INS*, 257 F.3d 1038, 1043 (9th Cir. 2001).

An IJ's adverse credibility determination alone may be sufficient to support the denial of an asylum application. *D-Muhumed v. U.S. Att'y Gen.*, 388 F.3d 814, 819 (11th Cir. 2004) (citation omitted). The IJ should provide "cogent reasons for his credibility determination," and such reasons should be "supported by substantial evidence in the record much like any factual determination." *Id.* (citations and internal quotations omitted). However, "an adverse credibility determination does not alleviate the IJ's duty to consider other evidence produced

by an asylum applicant." *Forgue v. U.S. Att'y Gen.*, No. 03-16394, manuscript op. at 7 (11th Cir. Mar. 7, 2005). If the petitioner presents evidence other than his testimony, the IJ must consider that evidence. *Id.* at 7-8. Once an adverse credibility finding is made, the applicant bears the burden of showing that the IJ's credibility decision was not supported by "specific, cogent reasons" or was not based on substantial evidence. *Id.* at 8. (internal quotation omitted).

As an initial matter, although Al Hriri contends that the IJ failed to specifically state that he found Al Hriri's testimony to be incredible, the IJ, in his written opinion, clearly indicated that Al Hriri failed to establish his eligibility for asylum due to his lack of credibility. Additionally, the IJ's analysis was consistent with the new rule we established in *Forgue*. In addition to Al Hriri's testimony, the IJ reviewed the evidence submitted by Al Hriri in support of his asylum application in making his adverse credibility determination.

Based upon our review of the record, we conclude that substantial evidence supports the IJ's adverse credibility determination. First, we note the following material inconsistences between Al Hriri's testimony at the asylum hearing and his statements in his asylum application and interview: (1) while Al Hriri asserted in his asylum application that he was shot in the right arm and the right leg during a confrontation with a North Yemeni officer, he later claimed in his testimony that

he was shot in the right arm and his leg was injured by shrapnel from a hand grenade; (2) although the summary of Al Hriri's asylum interview indicates that Al Hriri told the asylum officer that he was persecuted and had a well-founded fear of persecution based on his membership in the National Opposition Movement ("NOM"), he did not reference his membership in the NOM in his asylum application or during his testimony before the IJ. These inconsistencies go to the heart of Al Hriri's asylum claim because (1) Al Hriri is basing his claim of past persecution, in part, upon the injuries he suffered as a result of his confrontation with the North Yemeni officer, and (2) during his asylum interview, he asserted his membership in the NOM as the statutorily protected ground upon which he was basing his asylum claim.

Given the above inconsistencies, Al Hriri had an obligation to produce corroborating evidence in support of his claims or show that the IJ's decision was not supported by cogent reasons. However, Al Hriri failed to provide corroborating evidence that bolstered his credibility.

For the foregoing reasons, we deny the petition for review.

**PETITION DENIED.**