[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

**FILED**
**U.S. COURT OF APPEALS**
**ELEVENTH CIRCUIT**
**June 7, 2005**
**THOMAS K. KAHN**
**CLERK**

No. 04-12613
Non-Argument Calendar
_____

Agency No. A95-255-655

MATILDE AGUDELO,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(June 7, 2005)**

Before ANDERSON, BLACK and PRYOR, Circuit Judges.

PER CURIAM:

Matilde Agudelo, a native and citizen of Colombia, petitions, through

counsel, this Court for review of the Board of Immigration Appeals' ("BIA") order

affirming without opinion the Immigration Judge's (IJ) decision denying her application for asylum and withholding of removal under the INA.[1]  Because Agudelo's removal proceedings commenced after April 1, 1997, the effective date of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Pub. L. No. 104-208, 110 Stat. 3009 (1996) ("IIRIRA"), this case is governed by the permanent provisions of the INA, as amended by IIRIRA.  See Antipova v. United States Att'y Gen., 392 F.3d 1259, 1264 (11th Cir. 2004); Gonzalez-Oropeza v. United States Att'y Gen., 321 F.3d 1331, 1332 (11th Cir. 2003).  Agudelo argues that the BIA erred in finding that she was ineligible for asylum and withholding of removal because she suffered past persecution on account of her political opinion and religious activities.  Agudelo argues that she further established a well-founded fear of persecution on the same bases.

We review the IJ's decision in this case, not the BIA's, because the BIA affirmed the IJ's decision without opinion, thereby making that the final agency determination.  See 8 C.F.R. § 1003.1(a)(7); Mendoza v. U.S. Attorney Gen., 327 F.3d 1283, 1284 n.1 (11th Cir. 2003).  The IJ's factual determinations are reviewed under the substantial evidence test, and we "must affirm the [IJ's] decision if it is

_____

[1]The IJ also denied relief pursuant to the United Nations Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment, but Agudelo is not raising that issue on appeal.

2

supported by reasonable, substantial, and probative evidence on the record considered as a whole." Al Najjar v. Ashcroft, 257 F.3d 1262, 1283-84 (11th Cir. 2001) (quotation omitted). It is the fact trier's duty to determine credibility, and we may not substitute our judgment for that of the IJ with respect to credibility findings. Vasquez-Mondragon v. INS, 560 F.2d 1225, 1226 (5th Cir. 1977).[2] Under this highly deferential standard of review, the IJ's decision must be deferred to as supported by substantial evidence, unless the evidence would compel a reasonable fact finder to find otherwise. INS v. Elias-Zacarias, 502 U.S. 478, 481 n.1, 112 S.Ct. 812, 815 n.1, 117 L.Ed.2d 38 (1992); see also INA § 242(b)(4)(B), 8 U.S.C. § 1252(b)(4)(B) ("administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary").

## I. Asylum

Any alien who arrives in or is present in the United States may apply for asylum, which the Attorney General ("AG") has discretion to grant if the alien meets the definition of a "refugee." Al Najjar, 257 F.3d at 1284. A "refugee" is:

> [A]ny person who is outside any country of such person's nationality or, in the case of a person having no nationality, is outside any country in which such person last habitually resided, and who is unable or unwilling to return to, and is unable or unwilling to avail

---

[2] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981)(en banc), this Court adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

> himself or herself of the protection of, that country because of
> **persecution or a well-founded fear of persecution on account of**
> race, **religion**, nationality, membership in a particular social group, or
> **political opinion** . . ..

Id. (emphasis added) (citing 8 U.S.C. § 1101(a)(42)(A)). The asylum applicant carries the burden of proving statutory "refugee" status and thereby establishing asylum eligibility. Id. (citing 8 C.F.R. § 208.13(a)). If she meets that burden, the AG may exercise his discretion to grant asylum. Id. Here, because the IJ determined that Agudelo failed to establish eligibility for asylum, he did not address whether he would exercise his discretion. Accordingly, we need only address whether substantial evidence supports the finding that Agudelo failed to show statutory eligibility for asylum, i.e., past persecution or a well-founded fear of future persecution on account of her religion or political opinion.

To establish asylum eligibility, the alien must establish, with specific, detailed, and credible evidence (1) past persecution on account of her political opinion, religious belief, or other statutorily listed factor, or (2) a "well-founded fear" that her political opinion, religious belief, or other statutorily listed factor will cause future persecution. Al Najjar, 257 F.3d at 1287; see also 8 C.F.R. § 208.13(a), (b). "[A]n applicant must demonstrate that his or her fear of persecution is subjectively genuine and objectively reasonable." Sepulveda, 378 F.3d at 1264 (quotation omitted). Establishing a nexus between the statutorily

4

listed factor and the feared persecution "requires the alien to present specific, detailed facts showing a good reason to fear that he or she will be <u>singled out</u> for persecution on account of" the statutorily listed factor. <u>D-Muhumed v. Att'y Gen.</u>, 388 F.3d 814, 818 (11th Cir. 2004) (quotation omitted) (emphasis in original).

If the alien demonstrates past persecution, she is presumed to have a well-founded fear of future persecution unless the government can rebut the presumption. 8 C.F.R. § 208.13(b)(1). If, however, the alien does not establish past persecution, she bears the burden of demonstrating a well-founded fear of persecution by showing that (1) she fears persecution based on her religion, political opinion, or other statutorily listed factor; (2) there is a reasonable possibility she will suffer persecution if removed to her native country; and (3) she could not avoid persecution by relocating to another part of her country, if under all the circumstances it would be reasonable to expect relocation. <u>See</u> 8 C.F.R. § 208.13(b)(2), (3)(i).

Despite her claims to the contrary, Agudelo has not shown that she has been persecuted, that such persecution was based on her political opinion or religious beliefs, or that she has a well-founded fear of future persecution on those bases. Her claim centers around her refusal to give members of a guerilla group information about her employer. Substantial evidence supports the IJ's conclusion

5

that any problems Agudelo suffered arose out of her failure to cooperate with the group, not out of her political opinion or religious beliefs. As to her fear of future persecution, Agudelo has not established (1) that she fears persecution based on her political opinion or religious beliefs, (2) that there is a reasonable possibility that she will suffer persecution if removed to her native country, or (3) that she could not avoid persecution by relocating to another part of Colombia.

Therefore, because Agudelo fails to establish that she suffered past persecution or a "well-founded fear" of future persecution on account of her political opinion or religious belief, her asylum claim fails.

## II. Withholding of Removal

The IJ's factual determination that an alien is not entitled to withholding of removal must be upheld if it is supported by substantial evidence. See Al Najjar, 257 F.3d at 1283-84. An alien is entitled to withholding of removal under the INA if he can show that his life or freedom would be threatened on account of race, religion, nationality, membership in a particular social group, or political opinion. INA § 241(b)(3), 8 U.S.C. § 1231(b)(3). If "an applicant is unable to meet the 'well-founded fear' standard for asylum, [s]he is generally precluded from qualifying for either asylum or withholding of deportation." Al Najjar, 257 F.3d at 1292-93 (quotation omitted).

6

As discussed above, Agudelo failed to establish past persecution or a well-founded fear of persecution on account of one of the five statutory factors sufficient to support her asylum claim. She offers no argument to avoid the general preclusion from withholding of removal in this situation. Accordingly, substantial evidence supports the IJ's rejection of Agudelo's claim for withholding of removal under the INA.

**Conclusion**

Based on a review of the record and the parties' briefs, we deny Agudelo's petition for review.

**PETITION DENIED.**