[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 05-13250
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 3, 2006
THOMAS K. KAHN
CLERK

BIA No. A95-218-875

IVAN EDUARDO LOPEZ-VELEZ,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of an Order of the
Board of Immigration Appeals
_____

(January 3, 2006)

Before TJOFLAT, BARKETT and MARCUS, Circuit Judges.

PER CURIAM:

Ivan Eduardo Lopez-Velez, proceeding pro se, petitions for review of the order from the Board of Immigration Appeals ("BIA") affirming without opinion the immigration judge's ("IJ") denial of asylum and withholding of removal under the Immigration and Nationality Act ("INA") and the United Nations Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment ("CAT"). On appeal, Lopez, argues that the IJ erred by denying his petition for withholding of removal, under the INA, after finding that he did not demonstrate past persecution or a well-founded fear of future persecution by the Revolutionary Armed Forces of Colombia ("FARC") based on his resistance to the guerrillas, and his membership in the Boy Scouts, a "world known conservative social group," and the liberal party in Colombia.[1] After careful review, we affirm.

When the BIA issues an affirmance without opinion, the IJ's decision becomes the final order subject to review. See Mendoza v. Att'y Gen., 327 F.3d 1283, 1284 n.1 (11th Cir. 2003). As the fact-finder, it is the IJ's duty to determine credibility, and we will not substitute our judgment for that of the IJ with respect to credibility findings. See Vasquez-Mondragon v. INS, 560 F.2d 1225, 1226 (5th

___

[1] Because we find that Lopez-Velez has not established a case for asylum under the INA, we do not consider whether he satisfied the higher standards for withholding of removal or CAT relief. See Forgue v. Att'y Gen., 401 F.3d 1282, 1288 n.4 (11th Cir. 2005); Najjar v. Ashcroft, 257 F.3d 1262, 1292-93 (11th Cir. 2001).

2

Cir. 1977) (citation omitted).[2] The IJ's factual determination that an alien is not entitled to asylum must be upheld if it is supported by substantial evidence. See Mazariegos v. Att'y Gen., 241 F.3d 1320, 1323 (11th Cir. 2001). Under this highly deferential standard of review, a denial of asylum may be reversed only if the evidence would compel a reasonable factfinder to find that the requisite fear of persecution exists. See INS v. Elias-Zacarias, 502 U.S. 478, 481 n.1, 112 S. Ct. 812, 815 n.1, 117 L. Ed. 2d 38 (1992); see also 8 U.S.C. § 1252(b)(4)(B) ("administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary").

An alien who arrives in or is present in the United States may apply for asylum. See INA § 208(a)(1), 8 U.S.C. § 1158(a)(1). The Attorney General has discretion to grant asylum if the alien meets the INA's definition of a "refugee." See INA § 208(b)(1), 8 U.S.C. § 1158(b)(1). A "refugee" is any person who is unwilling to return to his home country or to avail himself of that country's protection "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion . . . ." 8 U.S.C. § 1101(a)(42)(A).

---

[2]In Bonner v. Prichard, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc), we adopted as binding precedent all decisions of the former Fifth Circuit rendered prior to the close of business on October 1, 1981.

The asylum applicant carries the burden of proving statutory "refugee" status. See Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001); 8 C.F.R. § 208.13(a). The applicant satisfies this burden by showing, with specific and credible evidence: (1) past persecution on account of a statutorily listed factor, or (2) a "well-founded fear" that his or her statutorily listed factor will cause future persecution. 8 C.F.R. § 208.13(a), (b); Najjar, 257 F.3d at 1287. "[P]ersecution is an extreme concept, requiring more than a few isolated incidents of verbal harassment or intimidation." Sepulveda v. U.S. Att'y Gen., 378 F.3d 1260, 1264 (11th Cir. 2004) (citation and internal quotation marks omitted). Put another way, "[m]ere harassment does not amount to persecution." Id. (citation omitted). An asylum applicant may not show merely that he has a political opinion, but must show that he was persecuted because of that opinion. Elias-Zacarias, 502 U.S. at 483, 112 S. Ct. 812.

If the alien establishes past persecution, it is presumed that his life or freedom would be threatened upon return to the country of removal unless the government shows by a preponderance that the country's conditions have changed such that the applicant's life or freedom would no longer be threatened or that the alien could relocate within the country and it would be reasonable to expect him to do so. See 8 C.F.R. §§ 208.13(b), 208.16(b). An alien who has not shown past persecution may still be entitled to asylum if he can demonstrate a future threat to

4

his life or freedom on a protected ground in his country. 8 C.F.R. §§ 208.13(b)(2), 208.16(b)(2). To establish a "well-founded fear," "an applicant must demonstrate that his fear of persecution is subjectively genuine and objectively reasonable." Najjar, 257 F.3d at 1289. "An imputed political opinion, whether correctly or incorrectly attributed, may constitute a ground for a 'well-founded fear' of political persecution within the meaning of the INA." Id. (citation omitted). However, as with past persecution, if the IJ properly finds that the alien could avoid a future threat by relocating to another part of his country, he cannot demonstrate a well-founded fear of persecution. 8 C.F.R. §§ 208.13(b)(1)-(2), 208.16(b)(1)(2). Moreover, we have approved a "country-wide requirement" in which a refugee must first pursue an "internal resettlement alternative" in their own country, or establish that this is not possible, before seeking asylum here. Mazariegos v. U.S. Att'y Gen., 241 F.3d 1320, 1326-27 (11th Cir. 2001).

The petitioner's well-founded fear of persecution must be on account of, or because of, one of the statutorily listed factors. See INS v. Elias-Zacarias, 502 U.S. 478, 483, 112 S.Ct. 812, 816, 117 L.Ed.2d 38 (1992). To establish the necessary causal connection, the alien must present "specific, detailed facts showing a good reason to fear that he or she will be singled out for persecution on account of" a statutorily listed factor. Sepulveda, 401 F.3d at 1231 (quotation omitted).

5

Here, substantial evidence supports the IJ's conclusion that Lopez-Velez was not targeted by the FARC based on his membership in a social or political group. While Lopez-Velez testified that the FARC mentioned his membership in the Boy Scouts during their threats in November 2000, he also testified that he had been participating in the Boy Scouts and the liberal party for several years prior to his first altercation with the FARC, and had no prior problems. Moreover, the FARC did not mention his membership in the Boy Scouts or the liberal party during their first encounter in September 2000, when it demanded money from him, and statements in the Asylum Report indicated that Colombian guerrillas use extortion to obtain funds to finance their activities. On this record, substantial evidence supports the IJ's finding that Lopez-Velez was targeted for extortion for being present in a certain area, and not for his membership in the Boy Scouts, or the liberal party. See Elias-Zacarias, 502 U.S. at 483, 112 S.Ct. at 816.

Although Lopez-Velez did not satisfy his burden to show past persecution, he could still establish his eligibility for asylum if he could demonstrate a well-founded fear of future persecution. See 8 C.F.R. §§ 208.13(b)(2), 208.16(b)(2); Najjar, 257 F.3d at 1289. Lopez-Velez testified that he encountered the FARC once, when they demanded monthly money, and that the FARC subsequently made several threatening phone calls to others, and one call to Lopez-Velez personally, but never caused Lopez-Velez or his family any physical harm. Under our case

6

law interpreting "past persecution," the evidence before the IJ in the instant case did not compel a finding of past persecution. See Sepulveda, 401 F.3d at 1231 (observing that persecution requires "more than a few isolated incidents of verbal harassment or intimidation"). In addition to the fact that Lopez-Velez experienced only isolated incidents of harassment and intimidation, we also observe that his parents and younger brother still live in Colombia without incident, thus suggesting that internal resettlement may be an option. See Mazariegos, 241 F.3d at 1326-27. Simply put, while Lopez-Velez may subjectively fear future persecution, the evidence in the record does not compel the conclusion that he will be singled out for his membership based on a statutory listed factor, see Sepulveda, 401 F.3d at 1231. Therefore, the IJ's decision to deny asylum is supported by substantial evidence and we must deny his petition.

**PETITION DENIED.**