[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DEC 26, 2006
THOMAS K. KAHN
CLERK

No. 06-13807
Non-Argument Calendar
_____

Agency Nos. A79-714-723
A79-714-724

RUTH PATRICIA SANCHEZ-CASTANEDA,
JURGEN ORREGO-SANCHEZ,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petitions for Review of a Decision of the
Board of Immigration Appeals

_____

**(December 26, 2006)**

Before ANDERSON, BARKETT and MARCUS, Circuit Judges.

PER CURIAM:

Ruth Patricia Sanchez-Castaneda, a native and citizen of Colombia, and her

minor son seek review of the final order of the Board of Immigration Appeals

("BIA") affirming the Immigration Judge's ("IJ's") denial of asylum under the Immigration and Nationality Act ("INA").[1] On appeal, Sanchez-Castaneda argues that she demonstrated both past persecution and a well-founded fear of future persecution by the National Liberation Army ("ELN") based on her membership in and work for Colombia's Liberal Party. After careful review, we affirm.

When the BIA issues an affirmance without opinion, the IJ's decision becomes the final order subject to review. See Mendoza v. Att'y Gen., 327 F.3d 1283, 1284 n.1 (11th Cir. 2003). As the fact-finder, it is the IJ's duty to determine credibility, and we will not substitute our judgment for that of the IJ with respect to credibility findings. See Vasquez-Mondragon v. INS, 560 F.2d 1225, 1226 (5th Cir. 1977) (citation omitted). The IJ's factual determination that an alien is not entitled to asylum must be upheld if it is supported by substantial evidence. See Mazariegos v. Att'y Gen., 241 F.3d 1320, 1323 (11th Cir. 2001). Under this highly deferential standard of review, a denial of asylum may be reversed only if the evidence would compel a reasonable factfinder to find that the requisite fear of persecution exists. See INS v. Elias-Zacarias, 502 U.S. 478, 481 n.1 (1992); see also 8 U.S.C. § 1252(b)(4)(B) ("administrative findings of fact are conclusive

_____

[1] Because we find that Petitioner has not established a case for asylum under the INA, we do not consider whether she satisfied the higher standard for withholding of removal or relief under the United Nations Convention Against Torture and Other Cruel, Inhumane or Degrading Treatment or Punishment. See Al Najjar v. Ashcroft, 257 F.3d 1262, 1292-93 (11th Cir. 2001).

2

unless any reasonable adjudicator would be compelled to conclude to the contrary").

An alien who arrives in or is present in the United States may apply for asylum. See INA § 208(a)(1), 8 U.S.C. § 1158(a)(1). The Attorney General has discretion to grant asylum if the alien meets the INA's definition of a "refugee." See INA § 208(b)(1), 8 U.S.C. § 1158(b)(1). A "refugee" is any person who is unwilling to return to her home country or to avail himself of that country's protection "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion . . . ." 8 U.S.C. § 1101(a)(42)(A).

The asylum applicant carries the burden of proving statutory "refugee" status. See Al Najjar, 257 F.3d at 1284; 8 C.F.R. § 208.13(a). The applicant satisfies this burden by showing, with specific and credible evidence: (1) past persecution on account of a statutorily listed factor, or (2) a "well-founded fear" that her statutorily listed factor will cause future persecution. Al Najjar, 257 F.3d at 1287; 8 C.F.R. § 208.13(a), (b). "To establish asylum based on past persecution , the applicant must prove (1) that she was persecuted, and (2) that the persecution was on account of a protected ground." Silva v. U.S. Att'y Gen., 448 F.3d 1229, 1236 (11th Cir. 2006) (citations omitted). "To establish eligibility for asylum based on a well-founded fear of future persecution, the applicant must

3

prove (1) a 'subjectively genuine and objectively reasonable' fear of persecution, that is (2) on account of a protected ground." Id. (citations omitted). Assuming the applicant is able to establish a well-founded fear of persecution, she must then show that the persecution cannot be avoided by relocating in the subject country. See Sepulveda v. U.S. Att'y Gen., 401 F.3d 1226, 1231 (11th Cir. 2005); 8 C.F.R. § 208.13(b)(2)(ii).

It is well-settled that an adverse credibility determination alone may be sufficient to support an IJ's decision to deny an application for asylum, particularly where there is no other evidence of persecution. Forgue v. U.S. Att'y Gen., 401 F.3d 1282, 1287 (11th Cir. 2005); see also Yang v. U.S. Att'y Gen., 418 F.3d 1198, 1201 (11th Cir. 2005); D-Muhumed v. U.S. Att'y Gen., 388 F.3d 814, 819 (11th Cir. 2004); 8 C.F.R. § 208.13. Moreover, the weaker the applicant's testimony, the greater the need is for corroborating evidence. Yang, 418 F.3d at 1201. Like any other factual finding, a credibility determination may not be overturned unless the record compels it. Forgue, 401 F.3d at 1287 (quotations and citations omitted). "Once an adverse credibility finding is made, the burden is on the asylum applicant to show that the IJ's credibility decision was not supported by 'specific, cogent reasons' or was not based on substantial evidence." Id. (citations omitted).

4

Here, substantial evidence supported the IJ's decision that Sanchez-Castaneda was not eligible for asylum. Her asylum claim was premised on alleged persecution by the ELN because of her political involvement with a Liberal Party councilman. At the hearing before the IJ, Sanchez-Castaneda testified that during the year 2000, while she was working for the councilman, she received threatening phone calls from ELN members, stating things such as "stop working for the community or it will be very expensive for you." However, when she arrived in the United States without valid entry documentation, she stated that she came to the United States because she had received threatening phone calls from an unknown person. She further said that she thought the calls were from a man named Wilson, to whom she had lent money and who she recently had contacted regarding collecting the debt. Three days later, at her credible-fear interview, she provided yet another reason for leaving Colombia -- that members of the Revolutionary Armed Forces of Colombia ("FARC") had threatened her family because her brother and father were policemen. Then, when she filed her asylum application, she stated that her reason for fleeing Colombia was ELN persecution, as she claimed at the hearing before the IJ.

The IJ identified the inconsistent reasons given by Sanchez-Castaneda as undermining her asylum claim, specifically noting that he had considered the corroborating evidence and found it insufficient to rebut the adverse credibility

5

finding. In short, Sanchez-Castaneda's changing and inconsistent motivations provides a specific, cogent reason to support the IJ's adverse credibility. And the finding is supported by the record. Because the IJ had specific, cogent reasons supported by substantial evidence for his adverse credibility determination and considered all of the evidence, we must deny Sanchez-Castaneda's petition.

**PETITION DENIED.**