[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 28, 2006
THOMAS K. KAHN
CLERK

No. 06-13216
Non-Argument Calendar
_____

BIA Nos. A95-228-974 & A95-228-975

LUZ LEDY SANDOVAL,
CARLOS ALBERTO GIRALDO,

                                                          Petitioners,

versus

U.S. ATTORNEY GENERAL,

                                                          Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

**(December 28, 2006)**

Before TJOFLAT, HULL and MARCUS, Circuit Judges.

PER CURIAM:

Lead petitioner, Luz Ledy Sandoval, and her husband, Carlos Alberto

Giraldo, both natives and citizens of Colombia, petition this Court to review the

final order of the Board of Immigration Appeals ("BIA") adopting and affirming the Immigration Judge's ("IJ's") denial of asylum and withholding of removal under the Immigration and Nationality Act ("INA"), and relief under the United Nations Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment ("CAT"). The IJ concluded that Sandoval had not carried her burden to establish eligibility for asylum, because the incidents she described "amount[ed] to civil chaos and/or generally dangerous conditions that exist in Colombia [and] that affect all citizens[,]" and that Sandoval was a victim of "civil strife that exists in Colombia." On review, Sandoval argues that she was entitled to asylum because she established past persecution, or a fear of future persecution, by the National Liberation Army ("ELN") on account of her memberships in the Liberal Party and in the Convergence Party.[1] After careful consideration, we deny the petition.

In the case at bar, the BIA issued a decision in which it adopted the IJ's reasoning and did not make additional findings. "We therefore review the IJ's decision as if it were the BIA's." Wei Chen v. U.S. Att'y Gen., 463 F.3d 1228,

---

[1] Sandoval challenges only the denial of asylum under the INA. Accordingly, we do not review the denial of withholding of removal under the INA or relief under the CAT, as any arguments as to those claims are deemed abandoned. See Sepulveda v. U.S. Att'y Gen., 401 F.3d 1226, 1228 n.2 (11th Cir. 2005) (holding that, when an applicant fails to raise arguments regarding an issue on appeal, that issue is deemed abandoned).

2006 WL 2570870 at *2 (2006). As the fact-finder, it is the IJ's duty to determine credibility, and we will not substitute our judgment for that of the IJ with respect to credibility findings. See Vasquez-Mondragon v. INS, 560 F.2d 1225, 1226 (5th Cir. 1977) (citation omitted). The IJ's factual determination that an alien is not entitled to asylum must be upheld if it is supported by substantial evidence. See Mazariegos v. Att'y Gen., 241 F.3d 1320, 1323 (11th Cir. 2001). Under this highly deferential standard of review, a denial of asylum may be reversed only if the evidence would compel a reasonable factfinder to find that the requisite fear of persecution exists. See INS v. Elias-Zacarias, 502 U.S. 478, 481 n.1 (1992); see also 8 U.S.C. § 1252(b)(4)(B) ("administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary").

An alien who arrives in or is present in the United States may apply for asylum. See INA § 208(a)(1), 8 U.S.C. § 1158(a)(1). The Attorney General has discretion to grant asylum if the alien meets the INA's definition of a "refugee." See INA § 208(b)(1), 8 U.S.C. § 1158(b)(1). A "refugee" is any person who is unwilling to return to her home country or to avail himself of that country's protection "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion . . . ." 8 U.S.C. § 1101(a)(42)(A).

3

The asylum applicant carries the burden of proving statutory "refugee" status. See Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001); 8 C.F.R. § 208.13(a). The applicant satisfies this burden by showing, with specific and credible evidence: (1) past persecution on account of a statutorily listed factor, or (2) a "well-founded fear" that her statutorily listed factor will cause future persecution. Al Najjar, 257 F.3d at 1287; 8 C.F.R. § 208.13(a), (b). "To establish asylum based on past persecution, the applicant must prove (1) that she was persecuted, and (2) that the persecution was on account of a protected ground." Silva v. U.S. Att'y Gen., 448 F.3d 1229, 1236 (11th Cir. 2006) (citations omitted) (emphasis added). "Demonstrating such a connection requires the alien to present specific, detailed facts showing a good reason to fear that he or she will be singled out for persecution on account of" a statutory factor. Al Najjar, 257 F.3d at 1287 (quotations omitted). We have held that persecution is an "extreme concept, requiring more than a few isolated incidents of verbal harassment or intimidation, and that mere harassment does not amount to persecution." Sepulveda, 401 F.3d at 1231 (quotations and alterations omitted).

If the alien establishes past persecution, it is presumed that her life or freedom would be threatened upon return to the country of removal unless the government shows by a preponderance that the country's conditions have changed such that the applicant's life or freedom would no longer be threatened or that the

alien could relocate within the country and it would be reasonable to expect him to do so. 8 C.F.R. §§ 208.13(b), 208.16(b). An alien who has not shown past persecution may still be entitled to asylum if she can demonstrate a fear of future persecution on account of a statutorily protected ground. 8 C.F.R. §§ 208.13(b)(2), "To establish eligibility for asylum based on a well-founded fear of future persecution, the applicant must prove (1) a 'subjectively genuine and objectively reasonable' fear of persecution, that is (2) on account of a protected ground." Silva, 448 F.3d at 1236 (citations omitted). If an applicant satisfies these requirements, she then must show that the persecution cannot be avoided by relocating in the subject country. See Sepulveda, 401 F.3d at 1231; 8 C.F.R. § 208.13(b)(2)(ii).

Here, substantial evidence supports the IJ's and the BIA's denial of asylum relief. Sandoval testified that between March 2000 and March 2001, she received threatening telephone calls from members of the ELN and the letters "ELN" were painted on her house. She further testified that a group of men -- suspected guerilla members -- went looking for her at her parents' house. There is no evidence in the record, however, that either Sandoval or her husband were physically harmed or ever confronted by the ELN. Mere harassment, without more, is insufficient to establish persecution, as "persecution is an extreme concept, requiring more than a few isolated incidents of verbal harassment or

5

intimidation." Sepulveda, 401 F.3d at 1231. "Not all exceptional treatment is persecution." Gonzalez v. Reno, 212 F.3d 1338, 1355 (11th Cir. 2000). We have made clear that threatening phone calls and letters constitute mere "harassment and intimidation," and that they fail to rise to the level of persecution. Silva, 448 F.3d at 1237; see also Sepulveda, 401 F.3d at 1231 (stating that "menacing telephone calls and threats . . . do not rise to the level of past persecution that would compel reversal of the IJ's decision") (citation omitted)). In short, the threatening phone calls and other isolated incidents described by Sandoval do not rise to the level of "past persecution" under the INA.

The record also supports the IJ's determination that Sandoval did not establish a well-founded fear of future persecution by the ELN. Sandoval and her family lived in Colombia without incident from 1996 to 2000 and Sandoval failed to present specific evidence that the ELN maintains an interest in harming her or that she would be singled out for persecution by the ELN if she returned to Colombia, where her parents continue to live without incident. Because Sandoval did not show that she suffered past persecution or that she has a well-founded fear of future persecution based on a protected ground, she did not establish eligibility for asylum. Accordingly, we deny the petition for review.

**PETITION DENIED.**

6