[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-11195
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 4, 2009
THOMAS K. KAHN
CLERK

Agency No. A099-548-219

DAPHNEE AMAZAN,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(November 4, 2009)

Before EDMONDSON, WILSON and KRAVITCH, Circuit Judges.

PER CURIAM:

Daphnee Amazan, a native and citizen of Haiti, petitions for review of the

Board of Immigration Appeals' ("BIA") decision, affirming the immigration judge's ("IJ") order denying her application for asylum and withholding of removal under the Immigration and Nationality Act ("INA") and relief under the United Nations Convention Against Torture ("CAT"), INA §§ 208, 241, 8 U.S.C. §§ 1158, 1231; 8 C.F.R. § 208.16. The IJ made an adverse credibility determination against Amazan based on inconsistencies and inaccuracies in the evidence, which effectively denied Amazan's application for asylum and withholding of removal. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). The BIA affirmed the IJ's adverse credibility determination. Amazan argues that the BIA erred in affirming the IJ's adverse credibility determination because the IJ relied too heavily on minor inconsistencies unrelated to her claim of persecution.[1]

When evaluating a petition to review a final order of removal, we review only the BIA's decision, except to the extent that the BIA expressly adopted the IJ's decision. *Al Najjar v. Ashcroft*, 257 F.3d 1262, 1284 (11th Cir. 2001). Because the BIA did not expressly adopt the IJ's decision, we review only the decision of the BIA. *See id.* We review credibility determinations under the

---

[1]Amazan did not present any argument for CAT relief in her appeal to the BIA. We lack jurisdiction to consider a claim that was not raised before the BIA, even if the BIA reviews the issue *sua sponte. Amaya-Artunduaga v. U.S. Att'y Gen.*, 463 F.3d 1247, 1250 (11th Cir. 2006) (per curiam). Therefore, Amazan has abandoned her CAT claim. *See Sepulveda v. U.S. Att'y Gen.*, 401 F.3d 1226, 1228–29 n.2 (11th Cir. 2005) (per curiam) (holding that a party abandons claims on appeal that are not argued in his or her brief).

substantial evidence test and "may not substitute [our] judgment for that of the BIA [or IJ] with respect to credibility findings." *D-Muhumed v. U.S. Att'y Gen.*, 388 F.3d 814, 818 (11th Cir. 2004) (citing *Vasquez-Mondragon v. INS*, 560 F.2d 1225, 1226 (5th Cir. 1977)). "[W]e review the record evidence in the light most favorable to the agency's decision" and may not overturn findings of fact unless the record compels it. *Forgue v. U.S. Att'y Gen.*, 401 F.3d 1282, 1286–87 (11th Cir. 2005) (quoting *Adefemi v. Ashcroft*, 386 F.3d 1022, 1027 (11th Cir. 2004) (en banc)). Under the highly deferential substantial evidence test, our Court considers "only whether there is substantial evidence for the findings made by the BIA, not whether there is substantial evidence for some other finding that could have been . . . made." *Adefemi*, 386 F.3d at 1029 (emphasis omitted) (quotation omitted). Our Court will reverse the IJ's and BIA's credibility findings "only if the evidence compels a reasonable fact finder to find otherwise." *Chen v. U.S. Att'y Gen.*, 463 F.3d 1228, 1230–31 (11th Cir. 2006) (per curiam) (quotation and citation omitted).

An applicant bears the burden of proof in establishing his eligibility for asylum and withholding of removal. *See* 8 C.F.R. § 208.13(a); 8 C.F.R. § 208.16(b). To establish eligibility for asylum, an applicant must offer "credible, direct, and specific evidence in the record." *Forgue*, 401 F.3d at 1287 (quotation and citation omitted). If the applicant's testimony is credible, it alone may be sufficient to satisfy his burden of proof. *See* 8 C.F.R. § 208.13(a); 8 C.F.R. §

3

208.16(b); *Forgue*, 401 F.3d at 1287 (citing *D-Muhumed*, 388 F.3d at 818–19).

Under 8 U.S.C. § 1158(b)(1)(B)(iii), the IJ may find an alien incredible based on the "totality of the circumstances" and may deny a claim based on inconsistencies, inaccuracies, and falsehoods contained in the evidence, without regard to whether they go to the "heart" of the claim. An adverse credibility determination "does not alleviate the IJ's duty to consider other evidence produced by an asylum applicant." *Forgue*, 401 F.3d at 1287. However, if the IJ or BIA makes an adverse credibility determination and the applicant produces no other corroborating evidence, the IJ can deny the applicant relief from removal solely on the basis of that determination. *See Chen*, 463 F.3d at 1231. Once an adverse credibility finding is made, the applicant has the burden to show that "the IJ's credibility decision was not supported by specific, cogent reasons or was not based on substantial evidence." *Forgue*, 401 F.3d at 1287 (quotation omitted). Although the burdens of proof for asylum and withholding of removal are slightly different, if an applicant cannot establish eligibility for asylum, then he also generally cannot qualify for withholding of removal. *Mazariegos v. Office of the U.S. Att'y Gen.*, 241 F.3d 1320, 1324–25 n.2 (11th Cir. 2001)). Therefore, if an adverse credibility determination is made against an applicant, the IJ can deny both asylum and withholding of removal.

Here, the BIA correctly affirmed the IJ's adverse credibility determination

4

because there were numerous inconsistencies in the evidence and testimony that related directly to Amazan's claim of persecution. Amazan sought asylum and withholding of removal based on her political opinion and membership in a particular social group. Specifically, Amazan claimed that her father was a member and director of the Fanmi Lavalas Party in Haiti, and she and her family suffered several attacks and episodes of violence from the Democratic Convergence Party. The Fanmi Lavalas Party is a leftist political party in Haiti founded by former president Jean-Bertrand Aristide. The Democratic Convergence Party is a coalition of most of the leading opposition parties formed to protest the results of the May 2000 legislative and local elections.

The BIA made an explicit adverse credibility determination based on the numerous inconsistencies pointed out by the IJ. The IJ pointed out the following inconsistencies in Amazan's evidence and testimony, which are supported by the record. First, the police complaint and letter indicated that the assault occured on February 15, 2004, or on February 16, 2007, Admin. R. at 397, but Amazan indicated that the assault occured on February 15, 2004, *id.* at 349, 351. Second, Amazan testified that she was in the hospital for fifteen days, *id.* at 352, but her friend's affidavit indicated that she was in the hospital for one or two days at most, *id.* at 406, and the police complaint indicated that she refused treatment, *id.* at 403. Third, her mother's affidavit stated that Amazan lost five teeth, *id.* at 414, and the

5

health center indicated that she lost two teeth, *id.* at 400, but Amazan testified that she lost one tooth, *id.* at 352. Fourth, Amazan testified that she obtained the affidavits from her parents and friend in 2007, *id.* at 366–67, but the actual affidavits were signed and notarized in 2004, *see id.* at 406–16. The affidavits also recounted events that occurred after they were allegedly signed. *See id.* The IJ and BIA also correctly concluded that Amazan failed to provide evidence corroborating her claim that her father was a director of the Fanmi Lavalas Party. *Id.* at 365–66.

Because the BIA provided specific, cogent reasons for its credibility determination, the burden shifted to Amazan to show that the decision was not supported by such reasons or was not based on substantial evidence. *See Chen*, 463 F.3d at 1231. Amazan argues on appeal that she offered acceptable explanations for the inconsistencies between her testimony and the documentary evidence, namely, that the inconsistencies were caused by typographical errors or simple mistakes. As to her assertion that many of the inconsistencies were caused by typographical errors, she failed to provide any corroborating documentation to support her assertion, such as letters from the affiants and police indicating that there were errors in the documents.

Amazan also argues that the inconsistencies were minor and unrelated to her fear of future persecution. To the extent that she argues that the adverse credibility determination must go to the heart of her claim, this argument is without merit.

6

First, the inconsistencies regarding the facts of the assault, as well as the lack of corroboration as to her father's involvement in the Fanmi Lavalas Party, do go to the heart of her claim, as they pertain to whether she suffered past persecution. Moreover, adverse credibility determinations may be based on inconsistencies that do not go to the heart of the claim. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Chen*, 463 F.3d at 1233. Substantial evidence supports the BIA's dispositive adverse credibility determination because Amazan's testimony was inconsistent with her documentary evidence. Therefore, given the BIA's adverse credibility finding, substantial evidence supports the denial of her application for asylum and withholding of removal. Accordingly, we deny Amazan's petition for review.

**PETITION DENIED.**