[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
July 14, 2005
THOMAS K. KAHN
CLERK

_____

No. 04-14337
Non-Argument Calendar

_____

Agency Docket No. A97-670-212

LIFANG LIN,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of
the Board of Immigration Appeals

_____

**(July 14, 2005)**

Before ANDERSON, BIRCH and BARKETT, Circuit Judges.

PER CURIAM:

Through counsel, Lifang Lin petitions for review of the Board of Immigration Appeals's (BIA) final order affirming the Immigration Judge's (IJ) decision denying her asylum, withholding of removal under the Immigration and Nationality Act (INA), and relief under the United Nations Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment (CAT).

On appeal, Lin argues that we should not defer to the IJ's adverse credibility determination, which was the basis of the IJ's determination that Lin was not eligible for asylum, because it "was based on inferences and presumptions not reasonably grounded in the record." Lin claims that she should be granted asylum because she fears persecution based on her religion, Falun Gong. She contends that the IJ based the adverse credibility determination solely on the inconsistencies that existed in her testimony, her airport statement, and her credible fear interview.

We review the IJ's decision in this case, not the BIA's, because the BIA affirmed the IJ's decision without an opinion, thereby making the IJ's decision the final agency determination. See Mendoza v. U.S. Attorney. Gen., 327 F.3d 1283, 1284 n.1 (11th Cir. 2003). An IJ's adverse credibility determination alone may be sufficient to support the denial of an asylum application. D-Muhumed v. U.S. Atty. Gen., 388 F.3d 814, 819 (11th Cir. 2004).

2

It is the duty of the fact finder to determine credibility, and we may not substitute our judgment for that of the IJ with respect to credibility findings. Vasquez-Mondragon v. INS, 560 F.2d 1225, 1226 (5th Cir. 1977). An adverse credibility determination must be upheld unless "any reasonable adjudicator would be compelled to conclude to the contrary." Gao v. Ashcroft, 299 F.3d 266, 272 (3rd Cir. 2002) (quoting 8 U.S.C. § 1252(b)(4)(B)). Once an adverse credibility finding is made, the applicant bears the burden of showing that the IJ's credibility decision was not supported by specific, cogent reasons or was not based on substantial evidence. Forgue v. U.S. Attorney General, 401 F.3d 1282, 1287 (11th Cir. 2005).

We readily conclude that the IJ's credibility decision in this case was supported by specific, cogent reasons and was based on substantial evidence. The IJ noted several serious inconsistencies in Lin's various statements. The IJ stated that Lin had "submitted no evidence that she is a Falun Gong other than her own testimony and a statement from her parents in China." The IJ further noted that Lin's story warranted skepticism because she claimed she was Falun Gong for less than a month, could not adequately explain what Falun Gong was, and was not

3

really detailed as to what she did to practice Falun Gong. We find that these reasons provide substantial evidence for the IJ"s credibility determination.[1]

Upon review of the record on appeal and upon consideration of the parties' briefs, we discern no reversible error.

**PETITION DENIED.**

---

[1] We decline to address Lin's challenge to the IJ's alternative finding that the mistreatment that she suffered did not rise to the level of persecution because we find that substantial evidence supports the IJ's credibility determination. We find Lin's other challenge, that the IJ denied her due process rights, to be wholly without merit.