[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-10730
Non-Argument Calendar
_____

Agency No. A079-670-212


LIFANG LIN,

                                                        Petitioner,

                        versus

U.S. ATTORNEY GENERAL,

                                                        Respondent.


_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(January 28, 2013)

Before HULL, JORDAN and KRAVITCH, Circuit Judges.

PER CURIAM:

Lifang Lin seeks review of the Board of Immigration Appeals' (BIA's)

order denying her second motion to reopen her removal proceedings.  After careful review, we deny the petition.

## I.

Lin, a native and citizen of the People's Republic of China, was served with a Notice to Appear in 2003 charging her with removability under 8 U.S.C. § 1182(a)(7)(A)(i)(I), as an alien not in possession of a valid immigrant visa or entry document.  Lin conceded removability but filed applications for asylum, withholding of removal, and relief under the United Nations Convention Against Torture.  In 2004, an Immigration Judge denied Lin's applications for relief.  Lin appealed to the BIA, which affirmed.  This court dismissed Lin's petition for review. *Lin v. U.S. Att'y Gen.*, 140 F. App'x 196 (11th Cir. 2005).

In 2010, Lin filed a motion to reopen her removal proceedings based on China's family-planning laws.  Lin contended that she was in violation of these laws because she had given birth to two children while in the United States.  If returned to her home in Fujian Province, China, she argued that she would be forcibly sterilized.  Among other evidence, Lin attached notices from local authorities in Fujian indicating that she would be sterilized when she returned to China because she had two children while overseas.  Instead of relying on these notices, however, the BIA relied on the 2007 State Department Country Report

that stated Fujian Province does not count foreign-born children who are not registered as permanent residents for purposes of enforcing the family-planning laws. The BIA accordingly found that Lin failed to demonstrate that she would face forcible sterilization and denied the motion to reopen. Lin did not seek review of that order.

In 2011, Lin filed a second motion to reopen.[1] The BIA denied the motion because the evidence showed that only parents of children born in China were forcibly sterilized. This is Lin's petition for review.

## II.

We review the BIA's decision not to reopen immigration proceedings for an abuse of discretion. *Ali v. U.S. Att'y Gen.*, 443 F.3d 804, 808 (11th Cir. 2006). We will only find that the BIA has abused its discretion if its decision was arbitrary or capricious. *Id.* The BIA's factual findings are reviewed for substantial evidence: we must affirm them if supported by "reasonable, substantial, and probative evidence on the record considered as a whole." *Al Najjar v. Ashcroft*, 257 F.3d 1262, 1283-84 (11th Cir. 2001) (internal quotation

---

[1] At the same time, Lin also filed a motion to reconsider the BIA's denial of her first motion to reopen. Because Lin fails to argue that the BIA erred in denying the motion to reconsider, however, she has abandoned that issue. *Sepulveda v. U.S. Att'y Gen.*, 401 F.3d 1226, 1228 n.2 (11th Cir. 2005). We review only the BIA's denial of the second motion to reopen.

3

marks omitted).

Generally, an alien may file only one motion to reopen, which must be filed within 90 days of the final removal order.  8 C.F.R. § 1003.23(b)(1).  To overcome these limitations, Lin was required to show changed conditions in China with material evidence that was previously unavailable.  *See id*. § 1003.23(b)(4)(i); *Li v. U.S. Att'y Gen.*, 488 F.3d 1371, 1374-75 (11th Cir. 2007).

Lin argues that the BIA acted arbitrarily and capriciously by concluding that, because it only referred to parents of children born in China, the evidence she presented with her second motion to reopen did not establish changed country conditions.  In *Li*, we rejected the distinction drawn by the BIA between children born in China and those born elsewhere when there was no evidence in the record to support it.  488 F.3d at 1376.  But here, the 2007 State Department Country Report supported the BIA's finding because the Report shows the local and national governments make the same distinction.  The Report indicates that children born abroad are not counted for family-planning purposes if they are not registered as permanent residents of China and that U.S. officials were not aware of any national or local policy mandating the sterilization of a parent returning to China with children born abroad.  And the BIA was entitled to rely heavily on this Report to determine country conditions.  *Reyes-Sanchez v. U.S. Att'y Gen.*, 369

4

F.3d 1239, 1243 (11th Cir. 2004).

Lin argues the BIA's finding was nonetheless in error because the notices from local family-planning authorities in her province she filed in support of her first motion to reopen compel the conclusion that she would be sterilized even though her children were born overseas.  But Lin could not, and did not, rely on these notices in the second motion to reopen because they were not previously unavailable.  *See Li*, 488 F.3d at 1374-75.  In fact, she relied on them previously. The only previously unavailable evidence Lin presented with her second motion does not address whether the conditions in China have changed for parents of children born abroad.

The 2007 State Department Country Report provides substantial evidence to support the BIA's finding that Lin had failed to show that the conditions had materially changed in China's Fujian Province.  Consequently, we cannot say the BIA abused its discretion in denying Lin's second motion to reopen.[2]

**PETITION DENIED.**

---

[2] Because the BIA did not abuse its discretion in denying the motion to reopen, we need not decide whether Lin established a *prima facie* case for relief.  *See Al Najjar*, 257 F.3d at 1302.